UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBY LANEY, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-622 |
| | § | |
| AVIS RENT A CAR SYSTEM, INC. AND | § | |
| AVIS BUDGET GROUP, INC., | § | |
| | § | |
|     *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendants' motion for summary judgment. Dkt. 13. Because plaintiff Ruby Laney lacks standing to bring this suit for the reasons set forth below, this case is DISMISSED. Having not reached the merits of the case, defendants' motion for summary judgment (Dkt. 13) is DENIED AS MOOT.

**BACKGROUND**

In 2005, Plaintiff Ruby Laney began operating an Avis rental car location in Pearland, Texas. Dkt. 1 at 2. Laney subsequently signed an Independent Operator Agreement (IOA) with Avis that established the terms of the business relationship between the parties. *Id.* at 3. In 2007, Laney fell ill and required hospitalization; during this time she admits the business condition of her Avis location deteriorated. *Id.* Laney eventually returned to work, but the relationship between her and Avis was ultimately terminated in June, 2008. *Id.* at 4. Laney filed an EEOC complaint in August 2008. *Id.* After receiving a right-to-sue letter from the EEOC, Laney filed this lawsuit on March 2, 2009, seeking damages for racial and gender discrimination and retaliation under Title VII of the Civil Rights Act; retaliation under the Family and Medical Leave Act ("FMLA"); and breach of contract. *Id.* at 4–6.

Laney filed bankruptcy under Chapter 7 on May 19, 2009.  *See* Dkt. 14, Ex. R.  On October 30, 2009, the case was closed without discharge because Laney failed to comply with the instructional course required for discharge.  *Id.*  Upon Laney's motion, the bankruptcy proceeding was reopened on December 15, 2009, and discharged that same day.  *Id.*

Defendants Avis Rent A Car, Inc. and Avis Budget Group (collectively "Avis") file this motion for summary judgment and ask the court to grant summary judgment on all claims. Dkt. 13. Additionally, within the motion for summary judgment, Avis alleges that Laney lacks standing to bring this suit because she did not disclose this litigation as part of her bankruptcy proceedings.  *Id.* at 6.

## ANALYSIS

Standing requires plaintiffs "to demonstrate: they have suffered an 'injury in fact;' the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely . . . be redressed by a favorable decision." *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S. Ct. 2130 (1992)).  "An injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560.  Standing is jurisdictional in nature and should be decided by the court before reaching the merits of the case.  *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–94, 118 S. Ct. 103 (1998).

When filing bankruptcy, debtors are under a duty to disclose all pending and potential claims. *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008).  "Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Id.* (citing 11 U.S.C. § 541(a)(1); *In re Swift,* 129 F.3d 792, 795 (5th

2

Cir. 1997); 5 COLLIER ON BANKRUPTCY § 541.08). The trustee, as the representative of the bankruptcy estate, is the real party in interest, and "is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." *Id.* (citing 11 U.S.C. §§ 323, 541(a)(1); *Wieburg v. GTE Southwest, Inc.,* 272 F.3d 302, 306 (5th Cir. 2001)). Once an asset becomes part of the bankruptcy estate, the debtor reclaims the asset only if the trustee abandons it. *Id.* (citing *Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004)). "In a Chapter 7 case, '[a]t the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings'—including property that was never scheduled—'remains the property of the estate.'" *Id.* (quoting *Parker,* 365 F.3d at 1272).

In the present case, Laney never disclosed this pending lawsuit when she filed bankruptcy. *See* Dkt. 19, Exs S, T. Additionally, there is no evidence that the trustee abandoned the lawsuit. Laney, therefore, lacks standing to bring this suit and the case must be dismissed. *See Feeder v. Elec. Data Sys. Corp.*, 248 Fed. App'x 579, at *2 (5th Cir. 2007) ("Standing being jurisdictional, we dismiss.").

## CONCLUSION

For the reasons set forth above, Laney lacks standing to bring this suit and the case, therefore, is DISMISSED.

Signed at Houston, Texas, on February 25, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY